# No. 25-50976

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**United States of America**,
Plaintiff-Appellant,

v.

**James Wesley Burger**,
Defendant-Appellee.

On Appeal from the United States District Court
for the Western District of Texas

**Reply in Support of Emergency Motion to Vacate
Order Releasing Defendant Pending Appeal**

The district court released unconditionally and without supervision a defendant who threatened to attack a Christian music festival and was later caught in detention with bomb-making plans bearing the notations "#JeSuisIslamiqueEtat" and "#JeSuisISIS":

> #JeSuisIslamiqueEtat
> #JeSuisISIS

Att. D at 17-18, 27; Att. R at 26:7-25, 27:13-20; U.S. Mot. to Vacate 3-6, ECF No. 51-1. When this Court administratively stayed that release, the district court issued a second order releasing the defendant unconditionally and without supervision. That second order not only lacked support in the evidence as a whole but resulted from procedural error. This Court should vacate it.

## I. The evidence as a whole does not support the district court's order releasing Burger unconditionally, and Burger has not shown otherwise.

Attempting first to identify a nonexistent concession, Burger incorrectly claims that the government "*agree*[d] in the district court that [he] should be released." Opp'n. 1 (emphasis in original). When the district court announced its intention to dismiss the indictment, it asked, "I assume that means he will be -- that with no indictment he will be released, correct?" Att T at 34:11-12. The government agreed that dismissal of the indictment *would* result in release, not that Burger *should* be released. *Id.* at 34:13-15. And the government promptly moved to stay the dismissal and release orders to prevent that result. Att. K.

Burger's efforts to minimize the evidence of his dangerousness are unavailing. It does not matter whether that evidence would independently support more criminal charges, Opp'n 2. A judicial officer considering the risk a defendant poses to public safety is not limited to considering criminal conduct but must consider "the history and characteristics of the person, including . . . the person's character, physical and mental condition," and "past conduct." 18 U.S.C. § 3142(g)(3)(A). Nor does it matter whether that evidence of dangerousness comes from a defendant's "speech," Opp'n 6. In a case Burger cites, *United States v Stone*, 608 F.3d 939, 949-50 (6th Cir. 2010), the court concluded that defendants were dangerous based in part on evidence that a defendant "spoke[] frequently about different ways to kill police officers" and another defendant "posted . . . a message promoting violence against ATF agents." At any rate, the evidence of Burger's dangerousness was not limited to his speech:

He was training with a rifle, saving for a suppressor, and had plans for a bomb. Att. J at 2; Att. D at 13, 27; Att. R at 26:7-25, 27:13-20.

In contrast, Burger's assertions of "developments" that would justify unconditional release, Opp'n 7-8, lack support. None of the assertions he mentions is "undisputed," Opp'n 8, because he has never offered support beyond his attorneys' unsworn assertions and no pretrial-services officer has ever vetted them. Nor are his assertions consistent: He mentions living with two different family members in two different states. *See* Opp'n 7; Att. V at 2. Without knowing where or with whom Burger will be living, the district court had no basis to find that he would have "no access to firearms." Att. X at 2.

Nor is there support for Burger's contention that the district court "carefully considered the entire record" when it released him, Opp'n 5. The statements Burger cites, *see id.* at 1, 5, reflect the district court's consideration of his motion to dismiss, *see* Att. T at 23:23-24:14—a call it still got wrong, *see* U.S. Suppl. Br., ECF No. 62. When it came time to consider release or detention, the district court admitted that it was "not sure exactly" what would happen. Att. T at 34:18-20. And when it issued its second release order, it did not mention, let alone address, any of the evidence presented at Burger's detention hearing and proffered later in motions practice. *See* Att. X; U.S. Mot. to Vacate 13-14. The district court's failure to follow the requirements of the statute it cited to justify its second release order—a mistake Burger concedes but tries to minimize as a "minor oversight" or "clerical error," Opp'n 12-13—further undermines his characterization of that order as a product of careful analysis.

3

## II. The district court erred procedurally, and Burger has not shown otherwise.

The district court also erred procedurally in releasing Burger unconditionally on personal recognizance under 18 U.S.C. § 3142(b) when a judicial officer had held a detention hearing, § 3142(f), and ordered Burger detained, § 3142(e). U.S. Mot. to Vacate 15-17.

Burger calls release on personal recognizance under § 3142(b) the "default," Opp'n 9 (quoting *Stone*, 608 F.3d at 945). But the case he quotes recognizes—in the very next sentence—that "[t]hat default is modified . . . for certain, particularly dangerous defendants." *Stone*, 608 F.3d at 945. For dangerous defendants, detention is warranted, as the Sixth Circuit held when it overturned the district court's release order in *Stone*. *Id.* at 943, 954. Burger was no longer in a "default" position after a full detention hearing at which a judicial officer found that releasing him threatened public safety. *See* Att. C; Att. R at 69:7-9; U.S. Mot. to Vacate 16. Rather, revisiting Burger's detention required the magistrate judge who handled his detention hearing—as the "judicial officer" who ordered Burger detained—to reopen that hearing based on new information, *see* § 3142(f); *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003) ("Revocation of a prior release order under § 3142(f) is available only when the review of a detention or release order is being conducted by the same judicial officer who entered the order and when new, material information is available.").

4

Burger cannot bypass the requirements of § 3142(f) by trying to recharacterize the district court's release order as "review" under § 3145, Opp'n 10-12. First, Burger never moved for review under § 3145. *See* Att. V. Burger calls it "axiomatic" that a district court may make an "independent determination" on detention, Opp'n 10, but the case he cites makes clear that a district court may do so "[w]hen [it], pursuant to 18 U.S.C. § 3145(b), acts on a *motion* to revoke or amend a magistrate's pretrial detention order," *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) (emphasis added). Second, the district court's release order shows no sign that it was "reviewing" the magistrate judge's order. *See* Att. X; *United States v. Cabello*, No. 25-40482, 2025 WL 2738463, at *1 (5th Cir. Sept. 23, 2025) (explaining what review under § 3145(b) requires). Third, this Court's administrative stay did not authorize review under § 3145, but allowed the district court to consider "relief . . . pursuant to 18 U.S.C. § 3143." Order, ECF No. 28-1. Temporarily restricting what the district court could do does not mean permanently privileging a magistrate judge's determination over a district court's, as Burger suggests, Opp'n 12. It means that when this Court intervened on an emergency basis to stay an unconditional release order, it was not inviting the district court to issue another unconditional release order.

* * *

The government has consistently sought emergency intervention resulting in Burger's detention or carefully supervised and conditional release. U.S. Stay Mot. 14-15, ECF No. 12-1; U.S. Reply 6, ECF No. 26; U.S. Mot. to Vacate Release Order 1, 18. The district court's second release order illustrates why its mere invocation of 18 U.S.C. §§ 3142 and 3143 does not satisfy this call for intervention, as Burger claims, *see* Burger Suppl. Br. 1, 4, ECF No. 63. Rather, this Court should stay the district court's dismissal of the indictment and first release order, vacate the second release order, and direct that Burger be detained pending a reopened detention hearing before the magistrate judge.

Respectfully submitted,

Justin R. Simmons
United States Attorney

By: */s/ Zachary C. Richter*
Zachary C. Richter
Assistant United States Attorney
903 San Jacinto, Suite 334
Austin, Texas 78701
(512) 916-5858
Zachary.C.Richter@usdoj.gov

## Certificate of Service

I certify that on December 18, 2025, I filed this motion through this Court's electronic case-filing system, which will serve it on all registered counsel.

                                            */s/ Zachary C. Richter*
                                            Zachary C. Richter
                                            Assistant United States Attorney

*   *   *

## Certificate of Compliance with Federal Rule of Appellate Procedure 27

I certify that

(1) this document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,269 words; and

(2) this document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in Calisto MT font, size 14.

                                            */s/ Zachary C. Richter*
                                            Zachary C. Richter
                                            Assistant United States Attorney

Dated: December 18, 2025